IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02579-BNB

LEONARD JOSEPH KROLL,

    Plaintiff,

v.

SUSAN KROLL,
ANN GUSHURST,
GUTTERMAN AND GRIFFITHS, PC,
18TH JUDICIAL DISTRICT,
DOUGLAS COUNTY DISTRICT COURT, and
STATE OF COLORADO,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 16 2009

GREGORY C. LANGHAM
                   CLERK

---

ORDER OF DISMISSAL

---

Plaintiff Leonard Joseph Kroll has filed *pro se* on November 30, 2009, a Complaint and Jury Demand. The Court must construe the complaint liberally because Mr. Kroll is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Mr. Kroll claims that his rights have been violated during the state court proceedings in his divorce case in the Douglas County District Court. He claims that he

has been denied the right to defend himself as a *pro se* litigant, that his social security benefits wrongfully have been garnished to pay an award of attorneys fees, that his constitutional rights have been violated as a result of the state court's orders, that he has been subjected to gender discrimination, and that Defendants intentionally have caused emotional distress. It appears the state court case is ongoing because Mr. Kroll alleges that on November 19, 2009, the Colorado Court of Appeals affirmed numerous orders he challenged in two separate appeals. The named Defendants in this action are Mr. Kroll's ex-wife, her attorney and the attorney's law firm, the 18th Judicial District, the Douglas County District Court, and the State of Colorado. Mr. Kroll seeks damages as well as unspecified declaratory and injunctive relief.

The instant action was received for filing on November 3, 2009, before the Colorado Court of Appeals entered its most recent order on November 19. As a result, it does not appear that Mr. Kroll's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that

the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

However, even though Mr. Kroll's claims do not appear to be barred by the *Rooker-Feldman* doctrine, the Court will abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971). Pursuant to *Younger*, federal courts must refrain from interfering in ongoing state court proceedings in the absence of extraordinary circumstances. *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996). Abstention under *Younger* is appropriate when three conditions are met.

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

In the instant action, all three of these conditions are met. First, the state court proceedings are ongoing, as evidenced by the November 19 order of the Colorado Court of Appeals. Second, Mr. Kroll may raise the claims he is asserting in this action in the course of the state court proceedings. Finally, the state court divorce action involves important state interests because "'[t]he whole subject of the domestic relations

3

of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" **Ankenbrandt v. Richards**, 504 U.S. 689, 703 (1992) (quoting **Ex Parte Burrus**, 136 U.S. 586, 593-94 (1890)). Therefore, the Court will abstain from exercising jurisdiction and the complaint and the action will be dismissed. Accordingly, it is

ORDERED the Court declines to exercise jurisdiction over this matter pursuant to the abstention doctrine in **Younger v. Harris**, 401 U.S. 37, 44 (1971). It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 16 day of December, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02579-BNB

Leonard Kroll
10501 Lynx Ct.
Littleton, CO 80124

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/16/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk